IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BASIL MONCRIEFFE,

    Plaintiff,
v.                                  CASE NO. 4:17-cv-297-MW-GRJ

STATE OF FLORIDA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Basil Moncrieffe, an inmate presently confined at Madison Correctional Institution, initiated this case by filing a complaint in the Circuit Court of the Third Judicial Circuit, in and for Madison County Florida, challenging a criminal conviction. Plaintiff then filed in this Court a "Notice of Removal" purporting to remove the case to this Court, and a motion for leave to proceed as a pauper. ECF Nos. 1, 2. Defendants in the state case have filed a motion to dismiss, or in the alternative to strike the notice of removal. ECF No. 4. Plaintiff has not responded to the motion, and the time for doing so has now passed. For the following reasons, the undersigned recommends that the motion to dismiss be granted.

Defendants represent that the underlying state case is identical to an

earlier case filed by Plaintiff in the Leon County Circuit Court on January 4, 2017. *See Moncrieffe v. State*, Case No. 2017 CA 32 (Fla. 2d Cir. 2017). While that case was pending, Plaintiff filed the Madison County case, *Moncrieffe v. State*, Case No. 2017 CA 26 (Fla. 3d Cir. 2017), on March 7, 2017. Plaintiff makes various claims regarding his June 2015 state court conviction for aggravated battery. The named Defendants include the Lauderhill Police Department, Detective Williams, Detective Forbes, and the Chief of Police. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages and release from confinement. On May 17, 2017, the Leon County case was dismissed with prejudice. On July 3, 2017, more than 30 days after Plaintiff filed the Madison County case, Plaintiff filed his Notice of Removal to this Court. ECF No. 1, 4, Exh. 1-6.

Plaintiff purports to remove this case pursuant to 28 U.S.C. § 1443 and N.D. Fla. Local Rule 7.2. ECF No. 1. Defendants argue that removal is improper for three reasons: Plaintiff cannot file a notice of removal because he is not a Defendant; Defendants have not consented to removal; and even if Plaintiff could remove the case his notice of removal is untimely. ECF No. 4.

It is clear that this case is due to be dismissed for the first reason

advanced by Defendants. 28 U.S.C. § 1441(a) vests the power of removal exclusively in defendants: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added). The language of the removal statute reflects that Congress intended to restrict the privilege of removal "to the defendant." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-07, 106 n.2 (1941) (quoting H. Rept. No. 1078, 49th Cong., 1st Sess. p. 1.). Section 1446(a) confirms that only "[a] defendant or defendants desiring to remove any civil action from a State court" may effect automatic removal. Therefore, "removal of a case by a Plaintiff is not permissible." *Gregory Harris v. Dep't of Corr.*, No. 4:17-cv-298, 2017 WL 3115296, at *1 (N. D. Fla. July 21, 2017).

    Because it is obvious that Plaintiff improperly removed this case, it is unnecessary to address Defendants' remaining arguments. Further, under the circumstances presented, removal of this case by Plaintiff was frivolous because it is patently clear that he had no authority to do so.

Accordingly, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 4, should be **GRANTED**, that leave to proceed as a pauper, ECF No. 2, should be **DENIED,** and that this case should be dismissed as frivolous. The dismissal of this case as frivolous will operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

**DONE AND ORDERED** this 16th day of August 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge